**CAPITAL NATIONAL BANK et al.,**
**Appellants,**

v.

**S. E. REALTY CORPORATION et al.,**
**Appellees.**

**No. 1051.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 9, 1974.

J. Eugene Clements, Sewell, Junell & Riggs, Houston, for appellants.

Hartford H. Prewett, Foreman, Dyess, Prewett, Rosenberg & Henderson, Sidney

Ravkind, Mandell & Wright, O. Theodore Dinkins, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, for appellees.

COULSON, Justice.

This action for a declaratory judgment requires the construction of Tex.Bus.Corp. Act, Ann. art. 4.09(A), (1956), V.A.T.S., as it effects the articles of incorporation of two domestic corporations, S. E. Realty Corp. and Texberry Container Corp. The stockholders of the two corporations are substantially the same, as are the articles of incorporation in their pertinent parts. The articles provide for two classes of stock. The class A stock is common voting stock in the corporation. The class B shares are non-voting, non-cumulative, and subject to redemption. The articles do not provide the class B shares with a preference on liquidation. T.B.C.A. art. 4.09(A) reads in pertinent part "shares shall be redeemable only if they have a liquidation preference." The petitioners, appellees herein, sought to have the redemption feature of the class B stock declared invalid because of the failure of the articles to provide for any liquidation preference. The court below issued a declaratory judgment in favor of the appellees.

The appellants, holder of class A stock, urge that the redemption provision is in itself sufficient to fulfill the requirement of art. 4.09(A). In support of this position the appellants argue that the phrase "liquidation preference" is so imprecise that it can be read to mean "any clearly defined plan . . . which provides a definite mechanism for the disbursement of corporate assets to the corporation's obligees." Appellants cite United States Can Co. v. Freiberg, 30 Ohio App. 476, 165 N.E. 593 (1928) which they contend held that a redemption provision constituted a liquidation preference.

The United States Can Co. case resembles the Zahn v. Transamerica Corp., 162 F.2d 36 (3rd Cir. 1947) situation more than it does the present case. In United States Can Co. the preferred shareholders were seeking the redemption value of their shares. The common stockholders attempted to avoid having to pay the redemption premium by voting for voluntary dissolution. Under the terms of the articles of incorporation the preferred stockholders were only to receive par value in case of dissolution. The Ohio court saw through the subterfuge attempted by the majority stockholders and awarded the preferred shareholders the full redemption value of their stock. The Ohio court did not treat the redemption provision as a liquidation preference.

The appellants urge the Court to construe that part of T.B.C.A. art. 4.09(A) which reads "shares shall be redeemable only if they had a liquidation preference" to be a redundancy by equating redemption with liquidation preference. The words of the legislature are not to be rendered mere surplusage. Where the legislature has acted to define the powers and limitations upon corporate entities generally, its prescription should be strictly pursued. A. B. Frank v. Latham, 145 Tex. 30, 193 S.W.2d 671, (1946). The legislature has made it clear that the power to create redeemable shares is limited by the requirement that such shares also carry with them a liquidation preference. Tex. Bus.Corp.Act, Ann. art. 2.12 (1956) sets out the powers of the corporation to authorize and issue shares. Section B(1) of art. 2.-12 specifically limits redemptive shares to those with liquidation preference at the price fixed by the articles of incorporation for the redemption thereof. In addition subsection B(4) empowers the corporation to issue shares "Having preference in the assets of the corporation over any other class or classes of shares upon the voluntary or involuntary liquidation of the corporation." Subsection B(4) defines what is meant by "liquidation preference."

It is a fundamental principle of corporation law that the stockholder is presumed to know the "requirements and pro-

hibitions of the statute under which the corporation was organized." W. Fletcher, Private Corporations § 5711 (Perm. ed. rev. repl. 1970). That principle is applicable in this case. The language of the statute put the appellants on notice that the class B shares offered by these two corporations were not in compliance with the law of this State. The Court affirms the decision of the trial court.